IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| MICHAEL CRUMPTON, | : |
| Plaintiff, | : |
| VS. | : CIVIL ACTION FILE<br>: NO. 7:02-CV-124(HL) |
| PAULA JOHNS, WAYNE THRIFT,<br>JUNE GARTMAN, WILLIAM CLARK, and<br>OFFICER CROFT, | : |
| Defendants. | : |

**O R D E R**

On December 30, 2005, the Clerk of Court docketed what appears to be a motion filed by Plaintiff in which he seeks to have Defendant Croft, who has not yet beet served for want of an adequate service address, served with a copy of the complaint or alternatively have judgment entered by default for his failure to answer (Document # 21).  In this motion Plaintiff, for the first time, identifies this Defendant as an employee of the Lowndes County Sheriff's Department rather than as a member of the Valdosta Police Department.  In his complaint, signed December 4, 2002, he refers to this defendant as Officer Croft and does not mention the Sheriff's Department (Document # 1).  In the court ordered supplement to his original complaint, signed March 4, 2003, this defendant is not mentioned at all (Document # 4).  On or about February 26, 2004, the Clerk of Court received notice that Defendant Croft was not an employee of the Valdosta Police Department, however that notice gave no indication of where he was employed (Document # 9).  The record of this case does not indicate whether or not the Plaintiff received any notice that Defendant Croft was not employed by the Valdosta Police Department.

This is at least Plaintiff's fourteenth civil action filed in this court in as many years.  Given plaintiff's prior litigation experience he had to know well prior to the filing of his motion for service or default judgment on December 30, 2005, that Defendant Croft had not been served or at the very least had not answered the complaint.  On February 6, 2004, a combined recommendation that certain defendants be dismissed and order that other defendants (including Croft) be served was docketed herein (Document # 5).  That the plaintiff received a copy of this document can not be questioned as he filed an objection to the recommendation portion of the document on February 23, 2004 (Document # 7).  Thus, the Plaintiff knew as early as February 2004, that Defendant Croft had been ordered served with the compliant, yet plaintiff took no action on his failure to answer until some twenty-two months later in December 2005.  The court has no responsibility to hunt down a defendant when provided with an incorrect service address by a plaintiff.  Assuming Defendant Croft was wearing the uniform of a deputy sheriff and given Plaintiff's ample exposure to law enforcement in Lowndes County, one might assume Plaintiff knew this person to be a deputy sheriff but he never advised the court of this until December 30, 2005.

      Federal Rule of Civil Procedure 4(m) provides in pertinent part:

> If service of the summons and complaint is not made upon a
> defendant within 120 days after filing of the complaint, the court,
> upon motion or on its own initiative <u>after notice to the plaintiff</u>, shall
> dismiss the action without prejudice as to that defendant . . .
> provided that if the plaintiff shows good cause for the failure, the
> court shall extend the time for service for an appropriate period.
> (Emphasis added)

This constitutes Federal Rule of Civil Procedure 4(m) notice to the plaintiff.  Given the following factors, (1) that plaintiff did not provide a correct service address for Defendant Croft

until December 30, 2005, (2) with his prior litigation experience he had to be aware well before the filing date of his motion that this Defendant had not answered and that the possibility of no service existed, and (3) that when he gave his deposition on March 4, 2005, he was no longer in prison and therefore could have provided the court with a proper service address for this Defendant much earlier, the Plaintiff is hereby ORDERED and DIRECTED to show good cause on or before the close of business on Friday, June 23, 2006, why his complaint against Defendant Croft should not be dismissed in accordance with Federal Rule Civil Procedure 4(m). Plaintiff is advised that a showing of good cause requires far more than a simple request that his complaint not be dismissed as to this Defendant.

**SO ORDERED**, this 2nd day of June 2006.

/s/ *Richard L. Hodge*
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE